IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES PARMER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV-09-00031-S-BLW |
| JOHANNA SMITH, | ) **INITIAL REVIEW ORDER** |
| Respondent. | ) |

Idaho state prisoner James Parmer has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  The Court is required to screen all habeas petitions promptly to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rules).  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

## BACKGROUND

Petitioner has not provided the nature of his state court conviction, the date of his judgment, or the length of his sentence, nor has he alleged any constitutional claims relating to the state court criminal process.  Instead, he claims that the conditions of his present confinement violate the Eighth Amendment in the

following areas: diet, overcrowding, substandard plumbing facilities, medical and mental health treatment, education, jobs, recreation, and access to courts.  *Petition*, pp. 2-5.  He seeks "immediate release from custody."  *Id.* at 4.

## STANDARD OF LAW

Habeas relief extends to a person in custody under a state court judgment who is being held in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

"Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement."  *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (citing *Preiser* at 498-99).  Conversely, a civil rights action under 42 U.S.C. § 1983 is the proper method of challenging, on constitutional grounds, the conditions under which an inmate is confined.  *Id.*  Specifically, in *Ramirez v. Galaza*, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit determined that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."  *Id.* at 858-59; *cf. Docken v. Chase*, 393 F.3d 1024, 1031 (9th Cir. 2004) (allowing a claim challenging the timing of parole hearings to go forward in a

habeas petition because success on that claim "could potentially affect the duration of [the prisoner's] confinement").

## DISCUSSION

Petitioner raises claims that challenge wide-ranging aspects of the conditions under which he is incarcerated, but none of which contest the fact or duration of his confinement.  Rather than outright release from prison, the remedy for these alleged violations would be an order requiring prison officials to alleviate the unconstitutional condition (injunctive relief) or to compensate Petitioner for his injury (monetary damages).  As noted in *Ramirez*, successful claims that will not potentially lead to a prisoner's speedier release are not cognizable in a habeas proceeding.  Therefore, because it plainly appears from the face of the Petition and its attachments that Petitioner will not be entitled to habeas relief in the district court, the Petition is subject to dismissal under Habeas Rule 4.

It is unclear why Petitioner chose to file a habeas corpus action or whether he wishes to proceed under 42 U.S.C. §1983, and the Court will not speculate.  Accordingly, the Court shall dismiss the Petition without prejudice to filing a civil rights action under §1983.  With any new civil rights complaint, Petitioner must submit the $350 filing fee or file a motion to proceed in forma pauperis accompanied by an affidavit of assets and a certified statement of his prison trust

account.[1]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED without prejudice.

DATED: **April 22, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] In his Petition, Petitioner refers to *Balla v. Board of Correction*, CV 81-1165-S-BLW. *Balla* is a class action lawsuit, and the inmates' interests in that case are represented by counsel. To the extent that a condition about which Petitioner complains falls within the scope of an existing injunctive order issued in *Balla*, he is advised to address that issue through the inmate class representatives and counsel. If Petitioner has claims for relief that are distinct from *Balla*, he may bring those in a new civil rights action.